I must respectfully dissent from the majority decision to reverse the Opinion and Award of the Deputy Commissioner in this matter. The Deputy Commissioner correctly afforded less weight to the testimony of plaintiff and to that of John T. Hayes, M.D.
Plaintiff has failed to establish that on December 2, 1998, she sustained an injury by accident or specific traumatic incident, resulting in an injury to her back or aggravation of her pre-existing back condition. The greater weight of the evidence shows that prior to the alleged accident of December 2, 1998, plaintiff had a long history of back problems, including degenerative lumbosacral osteoarthritis, a disc bulge at L4-5 and restrictions resulting from a 1995 injury. In fact, on November 14, 1995, Dr. Teasdall released plaintiff to light duty work with lifting up to 20 pounds on an occasional basis and 10 pounds on a frequent basis as a result of his examination and the FCE results.
The evidence further shows that plaintiff's osteoarthritis, rather than any alleged incident of December 2, 1998, was the cause of plainiff's spinal stenosis and subsequent surgery. Plaintiff's L4-5 disc bulge was present as early as 1997. While plaintiff did not have an L3-4 disc bulge at that time, the greater weight of the medical evidence indicates that this disc bulge which was present by 1999 resulted from the natural progression of plaintiff's osteoarthritis.
Even if plaintiff sustained a compensable injury by accident or specific traumatic incident, plaintiff's claim is barred due to false representations made when she applied for the certified nursing assistant (CNA) position with defendant-employer under the principles set forth inLarsens Treatise on Workers Compensation, Sec. 66.03 and the Full Commission March 23, 1994 Opinion and Award in I.C. 013804, Johnston v.High Point Regional Hospital.
In September 1996 when plaintiff applied for the CNA position, Karen Lawrence interviewed plaintiff and inquired if plaintiff had any prior injuries or any restrictions that would interfere with performing the duties of a CNA. Although plaintiff indicated to Ms. Lawrence that she had injured her foot as a truck driver, plaintiff made no mention of a back injury. Further, plaintiff indicated she had no lifting restrictions, as Ms. Lawrence noted on the interview sheet. In addition, plaintiff reviewed the job description and expressed no concerns about any of the requirements, including lifting. Moreover, during plaintiff's pre-employment medical screening on September 13, 1996, she completed a form on which she indicated no health problems preventing her from performing any job tasks. Plaintiff made no mention of her lifting restrictions. Therefore, at the time plaintiff applied for employment with defendant-employer, plaintiff knowingly made false representations as to her physical condition and restrictions, which were detrimentally relied upon by defendant-employer. Defendant-employer would not have hired plaintiff if her restrictions had been known, as the job required lifting in excess of 20 pounds.
Based on the foregoing, plaintiff's claim under the Workers' Compensation Act should be denied. Therefore, I respectfully dissent.
 S/_______________ DIANNE C. SELLERS COMMISSIONER